SOLOMON SARGENT *vs.* MATTHEW FITZPATRICK.

In an action brought by an assignee in insolvency upon a debt due to the insolvent, the defendant was allowed by the assignee, with the consent of the insolvent, to set off, without pleading it, a judgment obtained since the first publication of notice in insol vency on a debt due him from the insolvent, and the assignee obtained a verdict and judgment for part of his claim. *Held,* that the proceedings in the action brought by the assignee were a bar to a subsequent action by the defendant on his judgment against the insolvent, without proving that that judgment was considered by the jury in making up their verdict for the assignee.

ACTION OF CONTRACT on a judgment recovered in the court of common pleas on the 3d of June 1848.

Answer, 1st, a certificate of discharge under the insolvent laws in December 1848. 2d. That the defendant, on the 23d of May 1848, applied for the benefit of the insolvent laws; a war-rant was duly issued, and notice published; that John B. Atwill was chosen his assignee in June 1848, and in September 1848 commenced an action against Sargent in this court for $11,000 had and received; that in that action all the claims and demands which Sargent then had against this defendant were filed in set off, and were considered and adjudicated.

At the trial in the court of common pleas the plaintiff gave in evidence a copy of the judgment declared on. The defendant put into the case a copy of the writ in the action on which that judgment was rendered, bearing date March 15th 1848, and re-turnable at April term 1848, by which it appeared that the cause of action was for bricks sold by the plaintiff to the defendant in this commonwealth; and it was agreed that the defendant did not appear in that action, but was defaulted on or before the 18th of April 1848.

The defendant also proved, by the record thereof, the proceed-ings in insolvency relied on in the answer; and gave in evidence a copy of the judgment obtained in the action brought by his assignee against the plaintiff, from which it appeared that Atwill, at October term 1849, recovered a verdict against Sargent for $948.63.

The defendant offered evidence to prove " that on the trial of

that action of *Atwill, assignee,* v. *Sargent,* Sargent, by consent of Atwill and Fitzpatrick, was allowed to and did present, as matter of set-off, all claims and demands which he then had against Fitzpatrick, and that, although the judgment declared on was not specifically mentioned in the set-off filed by Sargent, the subject matter and cause of action on which that judgment was founded was considered and adjudicated in that action."

*Hoar,* J. ruled " that, as it was not shown for what specific items the jury found their verdict in the action of *Atwill, assignee,* v. *Sargent,* nor whether any thing was allowed by them upon the judgment now in suit, the facts offered in evidence would not be a defence to this action." To this ruling the defendant alleged exceptions, the verdict being against him.

*B. F. Butler,* for the defendant. 1. The discharge in insolvency was a bar to any action on the defendant's judgment, for that judgment was founded on a debt contracted within the commonwealth, provable against the defendant's estate. *St.* 1838, *c.* 163, § 7. So far as the defendant is concerned, the debt is the same after as before judgment. The defendant's confession in court by suffering a default was of the same character as the judgment itself. *Drake* v. *Mitchell,* 3 East, 251. The plaintiff had the statute notice of the insolvency, and was bound by it. He might subsequently preclude himself from proving his debt, but could not alter the defendant's position. If it is urged that the cause of action is merged in the judgment, the court will look behind the judgment to see on what it is founded. *Wyman* v. *Mitchell,* 1 Cow. 321. *Betts* v. *Bagley,* 12 Pick. 572. *Sampson* v. *Clark,* 2 Cush. 173. The doctrine of merger is never allowed to work injustice, or to defeat the manifest intention of the parties. *Gibson* v. *Crehore,* 3 Pick. 482.

2. The claim on which this judgment is founded has been discharged by being proved, in effect, against the insolvent's estate, and paid in full out of that estate ; for it was allowed by way of set-off, in fact, though not in form, and thus reduced the amount recovered by the assignee ; and to compel the debtor to pay it would be to allow the creditor to recover it twice.

*B. F. Jacobs,* for the plaintiff. 1. The discharge is no bar;

for the judgment on which the original claim was merged, was subsequent to the petition ; and it is immaterial whether the defendant appeared or made default. *Sampson* v. *Clark*, 2 Cush. 173. *Woodbury* v. *Perkins*, 5 Cush. 86. *Mann* v. *Houghton* 7 Cush. 592. *Faxon* v. *Baxter*, 11 Cush. 35.

2. The alleged set-off is no bar. 1st, Because the judgment was not pleaded in set-off. Rev. Sts. *c.* 96, § 17, 23. 2d, Because the assignee could not set off any thing except as of the day of the first publication. *Demmon* v. *Boylston Bank*, 5 Cush. 194. Nor is it a bar as a set-off of the subject matter of the judgment, for that is merged and extinct. And this defendant cannot take advantage of an unlawful act of his assignee, allowing the set-off, to which act he was not a party.

MERRICK, J. The evidence offered by the defendant relative to the proceedings had in the previous suit of his assignee against the plaintiff ought to have been received and submitted to the jury. It tended directly to show that he had already received satisfaction in full for the claim which he is here seeking to recover. If under the permission conceded to him, as well by Fitzpatrick, who had an indirect and perhaps also a real interest in the suit, as by his assignee, by whom it was prosecuted, he actually availed himself of this demand in his defence, he thereby made it a subject of adjudication, and by the rendition of judgment in the suit it became satisfied and discharged. Under such circumstances he would be precluded by the final determination of the matter in that action from the right of maintaining any other for its recovery. The facts therefore which the defendant offered to prove were very material to him upon the trial, and would have been decisive in his favor, if they had been satisfactorily established.

The reasons assigned for not allowing the proposed evidence to be introduced are not sufficient to justify its exclusion. For it was not necessary to show specifically for what items the jury returned their verdict, or whether they allowed any thing on account of the cause of action which is declared on in the present action, because without any such particular proof the payment would be held to be conclusive upon the parties in relation

to all the matters which were in issue between them upon the trial. And that issue comprehended as well the matters which were presented in set-off, as the cause of action relied on by the plaintiff. Rev. Sts. *c.* 96, §§ 21, 22. *Smith* v. *Whiting*, 11 Mass. 445. *Sprague* v. *Waite*, 19 Pick. 457. 1 Greenl. Ev. § 522–534.

The plaintiff cannot be allowed to derive any benefit from the objection urged by him, that Atwill had no right to give his consent that the demand of the plaintiff might be filed and used in set-off to his suit, because the judgment against Fitzpatrick now declared on was rendered after the commencement of the proceedings in insolvency against him. It may be that in yielding such permission the assignee exceeded his authority, and thereby suffered the fund for the payment of the debts due to the creditors of the insolvent to be unnecessarily diminished. But that is a question with which the plaintiff has nothing to do ; it lies wholly between other parties, to be settled and arranged as they shall deem best for themselves. It is sufficient for the plaintiff that no injustice was done to him. The allowance of his own claim, if it was a just one, in diminishing to a corresponding extent that of Fitzpatrick against him, was equivalent to payment, and was all that he had a right to require, to secure to himself the full benefit and advantage of it. Having thus availed himself of the debt, he has no cause of complaint, even if it be true that others, of which we express no opinion, may be justly dissatisfied with the arrangement.

*Exceptions sustained.*